NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

VANESSA P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.P., *Appellees*.

No. 1 CA-JV 17-0001
FILED 6-13-2017

Appeal from the Superior Court in Maricopa County
No. JD529062
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

¶1 Vanessa P. ("Mother") appeals the decision of the juvenile court terminating her parental rights to AP ("Child"). For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The Arizona Department of Child Safety ("DCS") was first contacted in October 2014 when it was reported that Mother's significant other was abusing the Child. The report also alleged a history of domestic violence between Mother and her significant other. DCS attempted to provide services to the family, but was unable to do so because they lost contact with Mother.

¶3 DCS was again contacted regarding the Child in July 2015 when it was reported that the Child was residing without a legal guardian. At that time, DCS learned that Mother had left the Child with a friend while she moved to Texas. The Child was later picked up from that friend by his adult sister and maternal aunt. The Child had been without a legal guardian since May 2015.

¶4 Mother was referred for services, including drug testing through Physician Services Inc. ("PSI"), substance abuse assessment and treatment through TERROS, and domestic violence classes. Mother provided twelve samples for drug testing between October and November 2015. Six of those tests were positive for amphetamine and six were negative. Mother stopped testing and was closed out of services in January 2016. She was again referred for drug testing through TASC in March 2016 and failed to participate in a single drug test through June 2016 and was again closed out. DCS then moved for severance and again referred her for drug testing in July 2016, at which point Mother submitted to two of the required tests (or "urinalyses") through TASC, but refused to submit to any drug testing through PSI. Mother stopped testing after that and did not

provide another sample between July 2016 and the termination hearing on December 12, 2016.

¶5          Mother also initially engaged in substance abuse services and completed an intake for TERROS. In that intake, she admitted to having used cocaine and methamphetamine. However, she stopped attending services after November 2015 and was closed out of TERROS due to lack of contact. She was also again referred for substance abuse services in July 2016 and participated in the group counseling sessions. However, TERROS reported concerns due to her lack of drug testing. Mother never participated in the domestic violence classes to which she was referred.

¶6          DCS moved for termination of the parent-child relationship based on Mother's history of chronic abuse of dangerous drugs, controlled substances, or alcohol, and there being reasonable grounds to believe the condition would continue for a prolonged indeterminate period. Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3) (2014).[1] DCS also sought termination based on the Child being cared for in an out-of-home placement for nine months or longer. A.R.S. § 8-533(B)(8)(a). After a contested hearing, the court found DCS had proved its allegations against Mother on both grounds and terminated her parental rights to the Child. Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2017), 12-120.21(A)(1) (2017), and 12-2101(A)(1) (2017).

**DISCUSSION**

¶7          A parent's right to custody and control of his own child is fundamental, *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), but not absolute, *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000) (citations omitted). To justify severance of a parental relationship, the State must prove by clear and convincing evidence one of the statutory grounds in A.R.S. § 8-533(B). *Michael J.*, 196 Ariz. at 249, ¶ 12. The State must also prove by a preponderance of the evidence that severance of the parent-child relationship is in the best interest of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005).

¶8          Because the juvenile court is in the best position to weigh the evidence and judge credibility, "we will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz.*

---

[1]     We cite to the current version of statutes unless changes material to this decision have since occurred.

*Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002) (citations omitted). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's ruling," *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) (citation omitted), and reverse only if no reasonable evidence to support the ruling exists, *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13 (App. 2010) (citation omitted).

**¶9** Mother argues the juvenile court erred in finding that she was unable to discharge her parental responsibilities due to a history of drug abuse and that the condition will continue for a prolonged indeterminate period because she is no longer using drugs.[2] This argument is not supported by the record.

**¶10** Under A.R.S. § 8-533(B)(3), a parent's rights may be terminated if "the parent is unable to discharge parental responsibilities because [of] . . . a history of chronic abuse of dangerous drugs, . . . and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."

**¶11** The DCS case manager testified that Mother had not demonstrated long-term sobriety. The case manager also testified that there were concerns regarding Mother's sobriety, that the drug use affected her ability to parent, and that the issue would continue for an indeterminate and prolonged period.

**¶12** Additionally, Mother participated in drug testing twelve times between October and November 2015. Of those twelve times, she tested positive for amphetamines six times. Mother then stopped participating in drug testing and was closed out. She was again referred for drug testing through TASC in March 2016, failed to participate in a single

---

[2] Mother also argues that the court erred in finding that she had substantially neglected or willfully refused to remedy the circumstances which caused the Child to be in an out-of-home placement, and that DCS had failed to make diligent efforts to provide her with appropriate reunification services pursuant to A.R.S. § 8-533(B)(8)(a). However, because we affirm on the drug abuse ground, we need not address this argument. *Jesus M.*, 203 Ariz. at 280, ¶ 3 (citations omitted) ("[i]f clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds").

drug test through June 2016, and was again closed out. DCS then moved for severance and again referred her for drug testing in July 2016, at which point Mother submitted to two of the required urinalyses through TASC, but refused to submit to any drug testing through PSI. Mother also had an incident in September 2015 in which she tried to use a device to cheat the drug test. Furthermore, Mother understood and acknowledged that she needed to provide urine samples to prove she was drug free, however, she still refused to participate in drug testing. As such, the juvenile court did not err when it found Mother was unable to discharge her parental responsibilities and that the condition will continue for an indeterminate period of time.[3]

**¶13** Mother argues DCS did not provide sufficient reunification services because it failed to address Mother's mental health issues and the drug testing provided was unreliable. However, Mother failed to challenge the adequacy of the services provided at the juvenile court level. As such, the argument is waived and we do not address it. *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 18 (App. 2014).

## CONCLUSION

**¶14** For the foregoing reasons, sufficient evidence supports the juvenile court's decision to terminate Mother's parental rights. Therefore, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: JT

---

[3] Mother does not argue that the court erred in finding that severance was in the best interest of the Child. Accordingly, we will not address that factor.